Andrew B. Joseph, Esq. (Attorney I.D. #044231992)
Ingrid D. Johnson, Esq. (Attorney I.D. #031201997)
DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000

*Attorneys for Defendant Nissan North America, Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PINTO OF MONTVILLE, INC., individually and on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., NISSAN WORLD, L.L.C. D/B/A NISSAN WORLD OF DENVILLE, JOHN DOES 1-10 (names being fictitious and unknown), AND ABC CORPS. 1-10 (names being fictitious and unknown),<br><br>    Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL** |

TO:  CHIEF JUDGE AND JUDGES OF THE
     UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:

  Nicholas A. Vytell, Esq.
  Carroll McNulty & Kull LLC
  120 Mountain View Boulevard
  P.O. Box 650
  Basking Ridge, NJ  07920

  Clerk of the Superior Court
  Morris County Courthouse
  Washington & Court Streets
  Morristown, NJ  07963

88496611.6

PLEASE TAKE NOTICE that defendant Nissan North America, Inc. ("NNA"), by and through its attorneys, Drinker Biddle & Reath LLP, hereby removes this civil action pending in the Superior Court of New Jersey, Morris County, Law Division, Docket No. MRS-L-753-17, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453. In support of this removal, NNA states as follows:

## INTRODUCTORY STATEMENT

1. On or about March 31, 2017, Plaintiff filed a Complaint in this matter in the Superior Court of New Jersey, Morris County, captioned *Pinto of Montville, Inc. v. Nissan North America, Inc. et al.*, Docket No. MRS-L-381-17 (the "State Court Action"). The case was brought by Plaintiff against NNA, Nissan World, L.L.C., d/b/a Nissan World of Denville ("Nissan World"), John Does 1-10, and ABC Corps. 1-10. A true copy of the Proof of Service, Summons and Complaint served on NNA are attached hereto as **Exhibit A**; a true and correct copy of the Summons and Complaint served on Nissan World are attached hereto as **Exhibit B**.

2. Plaintiff Pinto of Montville, Inc. ("Plaintiff") alleges in the State Court Action that it is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 25 Pine Street in Kenvil, New Jersey. Complaint ¶ 1.

3. NNA is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1 Nissan Way in Franklin, Tennessee. Complaint ¶ 2.

4. Upon information and belief, Nissan World is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 307 Route 10 East in Denville, New Jersey. Complaint ¶ 3.

5. NNA was served with the Summons and Complaint on April 11, 2017.

6. Nissan World was served with the Summons and Complaint on April 17, 2017. It has not made an appearance in this action.

7. As of this date, no defendant has filed a responsive pleading in the State Court Action and no other proceedings have transpired in that action. Accordingly, other than the Complaint, there are no other process, pleadings or orders to be appended to this Notice of Removal. 28 U.S.C. § 1446(b)(2)(A).

## COMPLAINT ALLEGATIONS

8. Plaintiff purports to assert its claim on behalf of itself and "thousands of other similarly situated purchasers of the 2014 Nissan Sentra in New Jersey." Complaint ¶ 1.

9. Plaintiff's claims relate to an allegedly defective "Continuously Variable Transmission," or "CVT," in the 2014 model year Nissan Sentra. *See, e.g.,* Complaint ¶¶ 10, 41, 45, 59 and 71.

10. Plaintiff claims that its 2014 Nissan Sentra "is one of thousands of 2014 Nissan Sentra's [sic] that suffer from an irreparable defect in the CVT that results in premature failure exhibits by sudden and unexpected shaking, violent jerking, and improper acceleration/deceleration." Complaint ¶ 41.

11. Plaintiff alleges that it and "the other class members have sustained an ascertainable loss including, without limitation, an irreparably defective Vehicle, loss of use of the Vehicle, out-of-pocket expenses for a replacement vehicle, and lost profits and other damages." Complaint ¶ 46.

12. Plaintiff's Complaint asserts an alleged violation of the federal Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq.* Complaint ¶¶ 52-60.

13. Plaintiff's Complaint also asserts State statutory and common law causes of action, including alleged violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* (Complaint ¶¶ 42-47); breach of express and/or implied warranties (Complaint ¶¶ 48-51); alleged violations of the New Jersey Lemon Law, N.J.S.A. 56:12-29 *et seq.* (Complaint ¶¶ 61-67); claims of strict liability (Complaint ¶¶ 68-72); claims of spoliation of evidence (Complaint ¶¶ 73-76); common law fraud and fraud under N.J.S.A. 2A:32-1 (Complaint ¶¶ 77-82); negligent misrepresentation (Complaint ¶¶ 83-86); conspiracy (Complaint ¶¶ 87-92); and promissory estoppel and quantum meruit/unjust enrichment (Complaint ¶¶ 93-101).

14. Plaintiff purports to bring claims "on behalf of itself, and on behalf of thousands of other similarly situated purchasers of the Nissan Sentra in New Jersey." Complaint ¶ 1.

15. The prayer for relief in the Complaint seeks, *inter alia,* monetary damages (including compensatory, statutory, treble, consequential and punitive), cost of suit and attorneys' fees, and an order for "Nissan to recall and repurchase all 2014 Nissan Sentra's [sic] sold or registered in New Jersey and to incur all costs and expenses related to same. . . ." Complaint at 16.

## JURISDICTIONAL STATEMENT

### *Jurisdiction Under Class Action Fairness Act*

16. This action is removable to this Court because federal diversity jurisdiction, 28 U.S.C. § 1332, exists over Plaintiff's claims pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in various sections of Title 28 of the United States Code including 28 U.S.C. §§ 1332(d) and 1453.

17. Congress enacted CAFA to enlarge federal jurisdiction over proposed class actions. CAFA provides that a class action against a non-governmental entity may be removed to federal court if: (1) the number of proposed class members is not less than 100; (2) any

member of the proposed class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5) and 1453(b). As set forth below, all of the requirements for removal are satisfied here.

### *Class Size*

18.  CAFA's first requirement, that the proposed class contain at least 100 members, 28 U.S.C. § 1332(d)(5), is satisfied here. Plaintiff alleges that it seeks to represent a class of individuals who purchased a 2014 Nissan Sentra in New Jersey. Complaint ¶ 1. Plaintiff alleges that there are "thousands" of such purchasers. Complaint ¶ 1. NNA's records reflect that a total of 6,523 2014 Nissan Sentras were sold at retail by Nissan dealers in New Jersey. This figure does not include resales of 2014 Nissan Sentras by original buyers, fleet sales or leases. Because vehicles are often resold, 6,523 is the *minimum* number of putative class members and likely understates the number of current and former owners or lessees of putative class vehicles.

19.  Plaintiff has thus alleged a proposed class with at least 100 members.

### *Minimal Diversity of Citizenship*

20.  CAFA's second requirement, that any one member of the proposed class be a citizen of a state different from any defendant, 28 U.S.C. § 1332(d)(2), is also satisfied here. Plaintiff alleges that it is a corporation organized and existing under the laws of the State of New Jersey. It also alleges that its offices are in New Jersey. Complaint ¶ 1. Consequently, Plaintiff is citizen of New Jersey for purposes of diversity jurisdiction. Plaintiff alleges that NNA's principal place of business is located in Franklin, Tennessee, and that NNA is organized and existing under the laws of the State of California. *Id.* ¶ 2. Consequently, NNA is a citizen of Tennessee and California for purposes of diversity jurisdiction. Plaintiff purports to bring this

case on behalf of a class of people who purchased a 2014 Nissan Sentra in New Jersey. Complaint ¶ 1. Plaintiff is diverse from NNA, and all proposed class members who are not citizens of California or Tennessee are diverse from NNA. One or more class members are citizens of states other than California or Tennessee. Therefore, diversity of citizenship exists, as "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

### *Amount in Controversy*

21. CAFA's third requirement, that the aggregate amount in controversy exceed $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), is satisfied as well.

22. Although NNA disputes any and all liability and damages, it is evident that Plaintiff purports to allege claims for itself and the proposed class for monetary relief that, if granted, would in the aggregate well exceed CAFA's $5 million requirement.

23. The Complaint seeks an award of "all damages available at law or in equity, including, without limitation, compensatory, statutory, treble, consequential, and punitive damages"; "all costs of suit, disbursement, attorneys' fees, enhanced attorneys' fees, expert fees, and pre- and post-judgment interest"; and an order requiring Nissan to "recall and repurchase all 2014 Nissan Sentra's [sic] sold or registered in New Jersey and to incur all costs and expenses related to same." Complaint at 16.

24. At least 6,523 new 2014 Nissan Sentras have been sold to customers in New Jersey. Even assuming, *arguendo*, that each car would be repurchased for only $1,000.00, the re-purchase of the putative class vehicles alone would cost NNA in excess of $6 million.

88496611.6

25. If Plaintiff's claims for compensatory, statutory, punitive, and treble damages were included in the calculation of the amount in controversy, the amount in controversy would be even higher. *See* Complaint at 16.

26. Plaintiff has plainly alleged an amount in controversy that exceeds $5 million, exclusive of interest and costs and, thus, the CAFA amount in controversy requirement is satisfied.

### *No Exception to CAFA Jurisdiction Applies*

27. Once the proponent of federal jurisdiction satisfies its initial burden of establishing jurisdiction under section 1332(d)(2), the party objecting to federal jurisdiction bears the burden of proof as to any statutory exception under sections 1332(d)(4)(A) and (B). *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009) ("once CAFA jurisdiction has been established, the burden shifts to the party objecting to federal jurisdiction to show that the local controversy exception should apply"). Any effort by Plaintiff to establish that an exception to CAFA jurisdiction exists here will fail.

### PROCEDURAL STATEMENT

28. Venue is proper in this District under 28 U.S.C. §1441(a) because this Court embraces the place in which the removed action has been pending.

29. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt of the Summons and Complaint by NNA.

30. Nissan World's consent to remove is not required under CAFA. 28 U.S.C. § 1453(b). Nissan World nonetheless has consented to this removal.

31. Pursuant to 28 U.S.C. § 1446(d), NNA will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of Morristown, New Jersey, and will serve upon counsel for Plaintiff written notice of removal of this action.

32. By removing this action to this Court, NNA does not waive any defenses that are available to it under state or federal law. NNA expressly reserves the right to move to dismiss or for summary judgment pursuant to Federal Rules of Civil Procedure 12 and 56.

WHEREFORE, NNA respectfully removes this action from the Superior Court of New Jersey, Morris County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.

DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
*Attorneys for Defendant*
*Nissan North America, Inc.*


By: *s/ Andrew B. Joseph*
    Andrew B. Joseph (Attorney I.D. #044231992)

Dated: May 11, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and correct copy of the foregoing Notice of Removal to be served by email and FedEx upon counsel for Plaintiff:

>Nicholas A. Vytell, Esq.
>Carroll McNulty & Kull LLC
>120 Mountain View Boulevard
>P.O. Box 650
>Basking Ridge, NJ  07920

_s/ Ingrid D. Johnson_
Ingrid D. Johnson

Dated:  May 11, 2017